**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 23 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JERRY WAYNE HOUSE,

      Defendant-Appellant.

No. 96-4118
(D.C. No. 95-CR-104-B)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL**, and **KELLY**, Circuit Judges.

In June, 1995, defendant-appellant Jerry House was arrested during a traffic

stop, and charged by grand jury indictment with possession of a controlled

substance, methamphetamine, with intent to distribute, in violation of 21 U.S.C. §

841(a)(1) (1994). House then filed a motion to suppress, which was referred to a

magistrate judge for recommendation pursuant to 28 U.S.C. § 636(b)(1)(B)

(1994). The magistrate judge recommended that the motion be denied. United

---

[*]The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not
binding precedent, except under the doctrines of law of the case, *res judicata*, and
collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

States v. House, No. 95-CR-104-B (D. Utah Dec. 29, 1995) (Report and Recommendation of Magistrate Judge). After House failed to object, the district court adopted the magistrate judge's report and recommendation, and denied the motion to suppress. United States v. House, No. 95-CR-104-B (D. Utah Jan. 24, 1996) (Order). Subsequently, on April 15, 1996, pursuant to a written and negotiated plea agreement, House pled guilty to the charge contained in the indictment. (R.O.A. Doc. 30-31). His plea was accepted, and a judgment of conviction was entered on June 28, 1996. (R.O.A. Doc. 35).

House now seeks to appeal the denial of his motion to suppress. Although he does not say so expressly, he presumably also seeks to vacate his guilty plea in the event we agree that the motion to suppress was erroneously denied. For the following reasons, however, we must dismiss House's appeal.

In his plea agreement, House personally signed and executed his assent to the following pertinent provisions:

> 8. I know I may appeal a sentence imposed under this plea of guilty in the following circumstances:
>
> (a) If the sentence was imposed in violation of law;
>
> (b) If the sentence was a result of an incorrect application of the sentencing guidelines;
>
> (c) If a sentence is imposed that is greater than the sentencing guidelines as to fine or imprisonment, or term of supervised release.

9. I know there is no appellate review of any lawful sentence imposed under a plea of guilty.

. . .

12. The only terms and conditions pertaining to this plea agreement between me and the government are as follows:

    (a) Defendant will plead guilty to the indictment;

    (b) The United States will recommend, based on information now known to it, that defendant will be given a three level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, and the United States will recommend the low end of the guideline range;

    (c) The United States believes that defendant may qualify for treatment under U.S.S.G. § 5C1.2 and if the court so finds the United states agrees that defendant has provided all the truthful information that he has.

. . .

VI. My decision to enter this plea was made after full and careful thought, with the advice of counsel, and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea.

(R.O.A. Doc. 30 at 3-5).

In the same plea agreement, House's attorney Lee C. Rasmussen signed his assent to the following statement:

I certify that I have discussed this statement with the defendant; that I have fully explained his rights to him and have assisted him in completing this form. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

(Id. at 5-6).

- 3 -

Finally, in the same plea agreement, an Assistant United States Attorney certified that "this statement contains the complete agreement between the defendant and the United States." (Id. at 6).

Under Fed. R. Crim. P. 11(a)(2), a defendant may under certain circumstances enter a conditional plea of guilty, reserving the right to review the adverse determination of any specified pretrial motion, and to withdraw the plea if he prevails on appeal. The right to enter a conditional guilty plea is far from absolute, however. As Fed. R. Crim. P. 11(a)(2) clearly states, such a plea may be entered only "[w]ith the approval of the court and the consent of the government," and only by "reserving *in writing* the right [to] appeal." (emphasis added); see also United States v. Wright, 43 F.3d 491, 494 (10th Cir. 1994) ("A defendant who knowingly and voluntarily pleads guilty waives all non-jurisdictional challenges to his conviction. Having pleaded guilty, a defendant's only avenue for challenging his conviction is to claim that he did not voluntarily or intelligently enter his plea.") (internal citations and footnote omitted).

As the preceding excerpts make clear, House simply did not enter a conditional guilty plea. House's plea agreement made reference neither to Fed. R. Crim. P. 11(a)(2) nor to any right to appeal the denial of the motion to suppress. Similarly, the government has expressed no consent to any such conditional plea.

House has shown presented no evidence that any other written document modified his plea agreement. His guilty plea was wholly unconditional.

The present appeal is therefore DISMISSED.

The mandate shall issue forthwith.


ENTERED FOR THE COURT


David M. Ebel
Circuit Judge